# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| MICHAEL J. HANNON, | Case No. 2:16-cv-1814-APG-VCF |
| Plaintiff, | **ORDER REGARDING MOTIONS TO SEAL** |
| v. | (ECF Nos. 61, 72) |
| NORTHEAST CREDIT & COLLECTIONS, et al., | |
| Defendants. | |

Plaintiff Michael Hannon has filed a motion to seal certain exhibits attached to his motion for summary judgment. ECF No. 61. Defendant Experian responded that Exhibits 9 through 13, 15, and 20 should remain filed completely under seal, and that the unredacted version of Exhibit 2 remain filed under seal, with only the redacted version in the public record. ECF No. 70. Good cause supports Experian's request, so only those exhibits will remain under seal. However, Hannon must ensure that his non-sealed filing (ECF No. 62) redacts only those exhibits and portions thereof approved in this order. Hannon shall file a revised version of that document if necessary to comply with this order.

Plaintiff Hannon also filed a motion to seal certain exhibits attached to his response to Experian's motion for summary judgment. ECF No. 72. Defendant Experian has not responded to that motion, and Hannon has not identified which exhibits should remain under seal. Accordingly, I cannot grant that motion at this time.

I will allow Hannon's sealed response (ECF No. 74) to remain sealed temporarily so the parties may confer about what, if any, portions of the exhibits should be sealed. If either party determines that some of the exhibits should remain sealed, that party must file a motion to seal along with a proposed redacted version of the exhibits within 14 days of the date of this order. Any motion to seal must set forth compelling reasons to support sealing those portions.

IT IS THEREFORE ORDERED that Hannon's motion to seal **(ECF No. 61) is GRANTED IN PART** as set forth above. The sealed motion (ECF No. 67) shall remain sealed pending further order of the court. Hannon shall ensure that his non-sealed, redacted filing (ECF No. 62) redacts only those exhibits and portions thereof approved in this order. Hannon shall file a revised version of that document if necessary to comply with this order.

IT IS FURTHER ORDERED that Hannon's motion to seal **(ECF No. 72) is DENIED WITHOUT PREJUDICE**. The parties shall confer about what, if any, portions of the exhibits attached to Hannon's response to the motion for summary judgment (ECF Nos. 73, 74) should remain sealed. If either party determines that some of the exhibits should remain sealed, that party must file a motion to seal along with a proposed redacted version of the exhibits within 14 days of the date of this order. Any motion to seal must set forth compelling reasons to support sealing those portions.

IT IS FURTHER ORDERED that if a motion to seal regarding ECF Nos. 73 and 74 is not filed within 14 days of the date of this order, Hannon's response (ECF No. 74) will be unsealed.

Dated: July 12, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE