# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL J. HANNON,<br><br>    Plaintiff,<br><br>  v.<br><br>NORTHEAST CREDIT & COLLECTIONS, et al.,<br><br>    Defendants. | Case No. 2:16-cv-01814-APG-VCF<br><br>**ORDER (1) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND (2) DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>(ECF Nos. 62/67, 64) |

After discharging a Chapter 13 bankruptcy, plaintiff Michael Hannon became aware that several of his creditors were reporting allegedly inaccurate information to defendant Experian Information Solutions, Inc. (Experian), a credit reporting agency (CRA). Hannon disputed this information, triggering investigatory duties by Experian and the various information furnishers under the Fair Credit Reporting Act (FCRA). Hannon alleges that Experian violated that statute by continuing to report inaccurate information about him after an unreasonable reinvestigation, causing him to suffer actual damages. In particular, Hannon contends that the reporting of two accounts held by JH Portfolio Debt Equities LLC (JHP) did not reflect their discharge.

The parties are familiar with the facts, so I will not repeat them here except where necessary to resolve the motions. Experian moves for summary judgment and Hannon moves for partial summary judgment. Because I find that Hannon has not shown a genuine issue of material fact on necessary elements of his FCRA claim, I grant summary judgment for Experian.

I. **ANALYSIS**

Summary judgment is appropriate if the pleadings, discovery responses, and affidavits demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the

outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). I view the evidence and draw reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenck, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

### A. Section 1681i

Under FCRA, a CRA must "conduct a reasonable reinvestigation" upon receiving a dispute notice from a consumer concerning the accuracy of information in a consumer report. 15 U.S.C. § 1681i(a)(1)(A). To state a claim for liability under the reinvestigation provision, a plaintiff must establish that "1) his credit files contained inaccurate or incomplete information; 2) he directly notified [the CRA] of the inaccuracy; 3) the dispute is not frivolous or irrelevant; 4) [the CRA] failed to respond to the dispute; and 5) [the] failure to reinvestigate caused [the plaintiff] to suffer actual damages." *Taylor v. First Advantage Background Svcs. Corp.*, 207 F. Supp. 3d 1095, 1103 (N.D. Cal. 2016).

Experian contends that Hannon cannot show that the information it is reporting is inaccurate, because Hannon cannot show that the JHP accounts were included in his discharged bankruptcy. Experian further argues that its reinvestigation was reasonable because it received verification from JHP that its reporting was accurate and requested but never received from Hannon further documentation showing the accounts were included in the bankruptcy discharge. Finally, Experian argues that Hannon cannot establish that its reporting caused him any actual damages.

Hannon responds that the JHP accounts were discharged in his bankruptcy, so including information about them that did not reflect this discharge is patently inaccurate and materially misleading.  He further argues that Experian's reinvestigation was unreasonable because it relied exclusively on the automated consumer dispute verification (ACDV) form sent to JHP, failed to notify JHP of the reason for the dispute, and did not allow for discretionary changes by dispute agents in the face of allegedly inaccurate information confirmed by the furnisher.  Finally, he argues that he suffered actual damages in the form of out-of-pocket expenses.

### B. Inaccurate Information

To state a claim under § 1681i, the consumer must make a prima facie showing of inaccurate reporting. *Dennis*, 520 F.3d at 1069.  An item in a report can be inaccurate "because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Carvalho v. Equifax Info. Svcs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) (quotation omitted).  Hannon argues the JHP accounts were discharged in bankruptcy and therefore including past due balances without any notation of discharge was patently inaccurate and materially misleading.  Experian responds that Hannon's arguments rely on the contention that the JHP accounts were discharged in bankruptcy, for which Hannon never produced admissible evidence.

Hannon argues the JHP accounts are listed in the bankruptcy petition as Bank of America credit card accounts. *See* ECF No. 74-6 at 24.  Those accounts are identified as Bank of America credit card accounts numbered 5222 and 094, and with claim balances of $15,309 and $15,280. *Id.*  The dispute letter identified the disputed accounts as "JH Portfolio Debt Equiti (MBNA America), Account No: 687 ($15,280)" and "JH Portfolio Debt Equiti (MBNA America), Account No: 687 ($15,500)." *Id.* at 4–5.

In support of his argument that these Bank of America accounts are the contested JHP accounts, Hannon cites to an Experian webinar, news articles about Bank of America's interest in MBNA, and a proof of claim from Hannon's bankruptcy for a different creditor. *See* ECF No. 74 at 5 n.13.  Experian argues that this evidence is inadmissible and improper for judicial notice.

Unless it falls under an exception, hearsay is inadmissible. *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 778 (9th Cir. 2002). Hannon appears to be offering the news articles and proof of claim to prove the truth of the matter asserted, namely that MBNA was Bank of America's credit card entity. Each is therefore hearsay, and because no exception applies, each is inadmissible. Hannon offers the webinar webpage, in which a presenter is identified as having "worked at MBNA (Bank of America)," as evidence of "Experian's own public understanding of the relationship between Bank of America and its credit card company, MBNA . . . ." ECF No. 74 at 5. To the extent this webpage shows that Experian was aware of some relationship between the two companies in 2012 (when the webinar was broadcast), it is admissible. However, like the articles and proof of claim, to the extent it is offered to prove that MBNA was Bank of America's credit card company, it is inadmissible hearsay.

To the extent Hannon asks that I take judicial notice of the webinar and news articles, it would be only to "indicate what was in the public realm at the time, not whether the contents of those [websites] were in fact true." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (quotation omitted); *see also Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1029 (C.D. Cal. 2015) (refusing to take judicial notice of "the *truth* of the facts" stated in various press releases and news articles (emphasis in original)). I can take judicial notice of the fact of the proof of bankruptcy claim, as it is a public record. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); Fed. R. Evid. 201(b). That document identifies the creditor of a particular claim as "FIA Card Services, N.A. as successor in interest to Bank of America NA and MBNA America Bank." ECF No. 74-24 at 2. This document shows exactly what it states, that FIA was the successor in interest to Bank of America and MBNA on one of Hannon's discharged bankruptcy claims.

Taking all reasonable inferences in favor of Hannon, he has not produced evidence showing that the JHP accounts are actually Bank of America accounts discharged in bankruptcy. The evidence he does provide, to the extent it is admissible, supports an inference of a relationship between Bank of America and MBNA. It is a step too far, however, to infer that

because MBNA had a relationship with Bank of America, or even was its credit card entity, the accounts listed in the bankruptcy schedule were actually MBNA accounts, and moreover, that MBNA held those specific accounts as the predecessor in interest for JHP. This logical jump is even harder to make given the mismatch in account numbers and balance amounts. Hannon has not made a prima facie showing of inaccuracy.[1] However, even if he had made this showing, Hannon has not shown that Experian's reinvestigation was unreasonable.

### C. Reasonable Reinvestigation

Pursuant to § 1681i, upon a dispute notification, a CRA must "provide notification of the dispute" to the furnisher of the information and "include all relevant information regarding the dispute the agency has received from the consumer . . . ." 15 U.S.C. § 1681i(a)(2). In addition, the CRA must itself review all of the relevant information submitted by the consumer. *Id.* § 1681i(a)(4). "[E]xclusive reliance on ACDV procedures does not suffice, as a matter of law, to establish that a 'reasonable investigation' took place once a consumer disputes the accuracy of the furnisher's information." *Grigoryan v. Experian Info. Sols., Inc.*, 84 F. Supp. 3d 1044, 1074 (C.D. Cal. 2014). A CRA "must exercise reasonable diligence in examining" a public record to determine whether an inaccuracy has been reported. *Dennis v. BEH-1, LLC*, 520 F.3d 1066, 1071 (9th Cir. 2008). The operative question is "whether a reasonable investigation could have discovered the inaccuracies" in the consumer's report. *Bradshaw v. BAC Home Loans Serv., LP*, 816 F. Supp. 2d 1066, 1073 (D. Or. 2011).

After receiving Hannon's dispute letter, Experian sent an ACDV to JHP for each account, along with Hannon's complete dispute correspondence. ECF Nos. 68-7; 74-7 at 225–28. The dispute reason on each ACDV is stated as "[c]laims paid the original creditor before collection status or paid before charge-off." ECF No. 68-7. Hannon takes issue with this language, arguing that it is different than the language used in ACDVs for some of his other disputes based on the bankruptcy. ECF No. 74 at 15, 28. He has not shown, however, why the procedures used for

---

[1] Hannon's argument that the information in the report was materially misleading is based on the JHP accounts being discharged in bankruptcy, and so fails for the same reason as his patent inaccuracy argument.

different disputes should have been used for the JHP accounts. Further, the dispute correspondence sent with the ACDVs included Hannon's statements about why the tradelines for the JHP accounts were incorrect. ECF No. 68-5 at 5–6 (discussing the bankruptcy discharge and requesting the status of the accounts be updated to reflect the discharge and include "no other adverse notations"). *Cf. Bradshaw* (finding a genuine issue of material fact where the CRA did not attach anything to the ACDV request and did not fully describe documents sent to it by the consumer in its ACDV); *Saenz v. Trans Union, LLC*, 621 F. Supp. 2d 1074, 1084 (D. Or. 2007) (denying summary judgment for the CRA where Trans Union failed to provide furnisher with "copies or a summary of the evidence it received"). Hannon has not produced any evidence to show that JHP did not have all relevant information that Experian could have provided.

Furthermore, a reasonable investigation could not have discovered the alleged inaccuracies. The only evidence Hannon provided to Experian was his own claim that the accounts were discharged and the first three pages of his bankruptcy petition, which did not include the schedule of accounts. ECF No. 68-5. There is no mention of JHP or MBNA either in Hannon's bankruptcy petition or the Trustee's final report. *See* ECF Nos. 74-6; 74-9.

A reasonable investigation by Experian would have included reviewing the bankruptcy records to check if the JHP accounts had been discharged. Those records make no mention of JHP or MBNA, nor of accounts with the same numbers as the JHP accounts. At most, one of the balance amounts would have matched an account under a different creditor's name (Bank of America). Hannon has not produced evidence showing that Experian would have been able to conclude that the JHP accounts being disputed were two of the Bank of America accounts included on the bankruptcy schedule or discharged.[2] Reasonable diligence by Experian in reviewing bankruptcy records would not have shown that the JHP accounts had been discharged. The reasonable response to reviewing documents such as these would have been to check the accuracy with the furnisher and request more information from the consumer, both of which

---

[2] Hannon's evidence that these accounts were discharged is an entry in the Trustee's final report for "MIDLAND FUNDING LLC BY AMERICAN INFOSOURCE LP." ECF No. 74-9 at 3. Hannon does not explain how Experian would have known that this entry referred to the particular Bank of America accounts that were actually the JHP accounts.

Experian did. JHP confirmed the accuracy of the information, and Hannon did not provide further information to show that the JHP accounts had been discharged.

Finally, Hannon argues that Experian has a policy of not giving dispute agents discretion to alter inaccurate information if it has been confirmed by the furnisher. Experian responds that this argument relies on the premise that the information about the accounts was patently inaccurate, but the dispute agent did not have evidence the JHP accounts were included in Hannon's discharged bankruptcy. Further, Experian argues that Hannon has not presented any evidence that a dispute agent attempted to change Hannon's information but was prohibited.

As discussed above, a reasonable investigation by Experian would not have uncovered the alleged inaccuracies regarding the JHP accounts. Therefore, it is pure speculation from Hannon that the outcome would have been different had Experian's reinvestigation policies allowed a dispute agent discretion to make unilateral changes without independent evidence or confirmation from the furnisher that the information was inaccurate.

No reasonable jury could find that a reasonable reinvestigation would have discovered the alleged inaccuracies in the consumer report. Because Hannon cannot prevail on this part of his claim, it is unnecessary to consider damages. I therefore grant summary judgment to Experian.

## II. CONCLUSION

IT IS THEREFORE ORDERED that Experian's motion for summary judgment **(ECF No. 64) is GRANTED.**

IT IS FURTHER ORDERED that Hannon's motion for partial summary judgment **(ECF Nos. 62/67) is DENIED.**

IT IS FURTHER ORDERED that the clerk of court is directed to enter judgment in favor of Experian and against Hannon.

DATED this 26th day of January, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE