UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL J. HANNON,<br><br>    Plaintiff<br><br>v.<br><br>NORTHEAST CREDIT & COLLECTIONS, et al.,<br><br>    Defendants | Case No.: 2:16-cv-01814-APG-VCF<br><br>**Order Granting in Part Motion for Clarification and Denying Motion for Reconsideration**<br><br>[ECF Nos. 94, 95] |

Plaintiff Michael Hannon moves for clarification and reconsideration of my order granting summary judgment in favor of defendant Experian Information Solutions, Inc. The parties are familiar with the facts and I set them forth in my summary judgment order. ECF No. 89. I will not repeat them here except where necessary. I grant in part the motion for clarification, but that does not alter my summary judgment ruling. I deny the motion for reconsideration.

**I. MOTION FOR CLARIFICATION**

Hannon requests that I clarify whether I considered certain exhibits attached to and cited in his motion and response when ruling on summary judgment. Hannon's request is an abusive waste of this court's already strained time and resources.

Hannon also argues I clearly erred by failing to clarify whether JHP erroneously confirmed an incorrect date for Hannon's bankruptcy petition that Experian then improperly reported. I grant the motion to the limited extent that I now clarify that there is no claim in this case related to the accuracy of the reported bankruptcy petition date. There are no facts in the complaint that would give Experian fair notice that it was being sued for either reporting an

incorrect bankruptcy petition date or not correcting the bankruptcy petition date after being asked to do so.[1] *See* ECF No. 1; *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) (stating that Federal Rule of Civil Procedure 8 requires the plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quotation omitted)). To the extent the summary judgment briefing or the motion to clarify could be construed as motions to amend the scheduling order to allow late amendment to add such a claim, I would deny that request. Hannon has not given any explanation as to why he did not timely amend his complaint to add such a claim. *See Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).

## II. MOTION FOR RECONSIDERATION

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient," so long as it has jurisdiction. *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (citing Fed. R. Civ. P. 54(b)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.

---

[1] There is no evidence Hannon ever notified Experian that he disputed the accuracy of the petition date. *See Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 474 (2d Cir. 1995) ("Prior to being notified by a consumer, a credit reporting agency generally has no duty to reinvestigate credit information."); 15 U.S.C. § 1681i(a)(1)(A) ("[I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency . . . of such dispute, the agency shall . . . conduct a reasonable reinvestigation . . . .").

2

1993). A district court also may reconsider its decision if "other, highly unusual, circumstances" warrant it. *Id.* "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *In re AgriBioTech, Inc.*, 319 BR 207, 209 (D. Nev. 2004). Additionally, a motion for reconsideration may not be based on arguments or evidence that could have been raised previously. *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Hannon's motion rehashes arguments already made and rejected and raises new claims, theories, and arguments that could and should have been raised earlier. First, Hannon argues I committed clear error by ruling that Experian's reinvestigation was reasonable as a matter of law because I made no specific finding that Experian reviewed the bankruptcy records. I deny the motion for reconsideration on this basis. As I stated in my prior order, the operative question is "whether a reasonable investigation could have discovered the inaccuracies" in the consumer's report. ECF No. 89 at 5 (quoting *Bradshaw v. BAC Home Loans Serv., LP*, 816 F. Supp. 2d 1066, 1073 (D. Or. 2011)). Even with the benefit of discovery, Hannon cannot show the JHP accounts are actually the Bank of America accounts that were discharged in bankruptcy. *See* ECF No. 89 at 4-7.

Nor does Hannon explain, even now, how Experian was supposed to discover through any reasonable investigation that the JHP accounts were discharged. The Bank of America proofs of claim had a different creditor name, different account numbers, and one account had a different balance. Neither JHP nor MBNA appears in the bankruptcy filings in relation to these debts. Experian gave JHP all of the documentation Hannon sent in relation to this dispute, including that the basis of the dispute was that it was discharged in bankruptcy, yet JHP confirmed the accuracy of the information it was providing. Experian then advised Hannon that

3

it would continue reporting the JHP debts, but that he could provide additional documents to support his claim that these debts were discharged. He provided nothing.[2] No reasonable jury could find Experian's reinvestigation was unreasonable under these facts, and Hannon has not provided any basis to reconsider my prior ruling.

Second, Hannon argues that even if Experian conducted a reasonable reinvestigation, if it could not verify the accuracy or completeness of the disputed information it was required to delete it under 15 U.S.C. § 1681i(a)(5)(A). Hannon once again tries to raise an entirely new claim that was never alleged in his complaint. The complaint does not put Experian on fair notice that Hannon was alleging that Experian was liable for failing to delete information it could not verify. Hannon alleged that Experian continued to report inaccurate information after reinvestigation, not that it failed to delete information it could not verify. *See* ECF No. 1 at 9, 17-18, 29-30; 15 U.S.C. § 1681i(5)(A) (providing that if after reinvestigation "an item of the information is found to be inaccurate or incomplete or cannot be verified," the consumer reporting agency must delete or modify it).

It is questionable whether Hannon raised this argument during the summary judgment briefing. His motion and opposition both stated that "[t]he CRA must promptly delete or modify the item based on the results of the reinvestigation." ECF Nos. 62 at 27:7-8; 74 at 26:6-7. That is nothing but a general statement of law and does nothing to put either Experian or me on notice that he is claiming Experian is liable for failing to delete the information after it could not verify its accuracy. This is particularly so because there is nothing in the complaint that would lead

---

[2] Even if a reasonable jury could conclude Experian should have asked Hannon for further information before it told him the results of its reinvestigation, that would not make a difference here because Hannon never responded. Further, there is no evidence that Experian would have received any additional or different information from JHP if it had inquired further, nor does Hannon argue Experian should have done so.

4

Experian or me to believe this was Hannon's theory. Instead, Hannon refers to Experian continuing to report inaccurate information, not failing to delete unverified information. Hannon states elsewhere in his motion and opposition that Experian's "failure to verify the accuracy or completeness of the information Experian continued rereporting constituted a willful violation of its reinvestigation duties . . . ." ECF Nos. 62 at 28:11.5-29:2; 74 at 27:12-28:3.5; 28:20-29:15.5. While Hannon's briefs mention a failure to verify accuracy, they also refer to Experian continuing to report inaccuracies. I did not (and apparently Experian also did not) interpret this to mean that Hannon was contending Experian was liable because it failed to delete information it could not verify. The thrust of the entire case has been that Experian continued to report inaccurate information as a result of its allegedly inadequate reinvestigation.

To the extent the summary judgment briefing or the motion to reconsider could be construed as motions to amend the scheduling order to allow late amendment to add such a claim, I would deny that request. Hannon has not given any explanation as to why he did not timely amend his complaint to add such a claim. *See Amerisource Bergen Corp.*, 465 F.3d at 952; *Johnson*, 975 F.2d at 607-08.

Even if I considered this claim, I remain convinced no reasonable jury could find Experian's investigation was unreasonable. The starting point is that Hannon has never disputed that the debts were once valid debts that he owed. The only dispute he raised was that those debts were discharged in bankruptcy. Hannon's notice of dispute did not initially provide Experian with information showing the debts were discharged. Reasonable diligence by Experian in reviewing bankruptcy records would not have shown that the JHP accounts had been discharged. The reasonable response to reviewing documents such as these would have been to check the accuracy with the furnisher and request more information from the consumer, both of

which Experian did.  JHP confirmed the accuracy of the information.  Despite being informed that the JHP information would not be changed and being told he could submit to Experian additional documents supporting his claim,[3] Hannon did not provide further information to show that the JHP accounts had been discharged.  Hannon could have stated which proofs of claim in the bankruptcy schedules he believed corresponded to the JHP accounts and offered an explanation as to how the JHP accounts correlated to the Bank of America proofs of claim.  Indeed, he could have presented Experian with all of the evidence and arguments he raised at summary judgment.  But he did not.

In sum, (1) there was no dispute that the JHP debts were valid at one time, (2) nothing in Hannon's dispute letter or the bankruptcy filings showed the JHP debts were later discharged, (3) JHP confirmed its information was accurate, and (4) Hannon offered no response when given the opportunity to provide further information.  Under these facts, no reasonable jury could find that Experian was supposed to conclude that the JHP information was either inaccurate or unverified and should be deleted.  I therefore deny the motion for reconsideration.

### III.  CONCLUSION

IT IS THEREFORE ORDERED that plaintiff Michael Hannon's motion for clarification **(ECF No. 94) is GRANTED in part as set forth in this order**.

IT IS FURTHER ORDERED that the motion for reconsideration **(ECF No. 95) is DENIED**.

DATED this 11th day of September, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[3] ECF No. 68-9 at 4.

6